WALKER BROS. CATERING CO. *v.* RECREATION CO.

REFORMATION OF INSTRUMENTS—LEASES—MUTUAL MISTAKE.

In a suit to reform a lease to make it conform to the alleged agreement of the parties by inserting a provision giving to plaintiff the exclusive right to operate a restaurant and lunch room on the first floor and basement of a certain recreation building, which was claimed to have been omitted by mutual mistake, a decree in favor of plaintiff, *held*, warranted by the facts.

Appeal from Wayne; Cross (Orien S.), J., presiding. Submitted February 1, 1929. (Docket No. 125, Calendar No. 34,173.) Decided March 28, 1929.

Bill by the Walker Brothers Catering Company against the Recreation Company to reform a lease on the ground of mutual mistake. From a decree for plaintiff, defendant appeals. Affirmed.

*Monaghan, Crowley, Reilley & Kellogg,* for plaintiff.

*Goodenough, Voorhies, Long & Ryan* and *Ralph E. Routier,* for defendant.

POTTER, J. Plaintiff filed a bill against defendant to construe a bill of sale and lease to exclude defendant from operating a restaurant and lunch room on the first floor and basement of the Recreation building in Detroit in competition with plaintiff; to correct and reform the lease, to make it contain an express agreement giving plaintiff the exclusive right to operate a restaurant and lunch room on the first

floor and basement of said building; for specific performance of the lease, as reformed, and to enjoin defendant from operating a lunch room, counter lunch or other similar business in competition with plaintiff on the first floor or in the basement of the building, both temporary and perpetually.

The Recreation building on the corner of Shelby street and Lafayette boulevard in Detroit is a pretentious building devoted to recreation purposes except the basement and stores on the first floor.

Plaintiff claims it was the policy of defendant that no tenant in the Recreation building should be in competition with any other tenant therein; that the parties to the lease in question contracted with reference to this policy; that such policy is impliedly a part of the lease; that it was not necessary, under the circumstances, to insert a covenant therein binding the lessor not to engage in competitive business; and though such express covenant was not included in the lease it was impliedly a part thereof; that the lessor was in the restaurant business in the building; that such business was not successful. It was selling its business. Plaintiff was purchasing the business from it, and from the facts that defendant was the owner of the building, was selling out the business to plaintiff, was providing in the lease there should be no competition with plaintiff by other tenants, it is bound not to engage in competition with the business sold, which sale included granting plaintiff a lease and exclusive restaurant privilege, —the principal consideration for plaintiff's purchasing the property, business, and lease of defendant.

The lessee covenanted it would not sublet the store to anyone for the purpose of conducting a business in competition with the lessor or any other tenant of

the building; the leased premises, during the continuance of the lease, should be used and occupied for restaurant purposes; the lessee might use the premises for any other legitimate business not in competition with the lessor or the then tenants of the ground floor of the building. The lessor covenanted that during the term of the lease it would not rent any space in the basement or ground floor for a restaurant, dairy lunch, or similar business, and would refuse consent to the transfer of existing leases covering any part of the basement or ground floor so as to permit operation of a restaurant, dairy lunch, or similar business therein. The lease says:

"Provided, however, that nothing herein contained shall prevent the lessor from leasing any portion of the basement or ground floor of said building for the purpose of operating a soda fountain."

The presumption from the proviso is that but for such proviso the preceding part of the contract would include the subject-matter of the proviso, and the lessor be excluded from renting any portion of the basement or ground floor of the building even for a soda fountain; and that lessor, having by this proviso expressly excepted only leases for soda fountains, has impliedly excluded thereby its right to lease for all other purposes; that the covenant in question was verbally agreed upon but was omitted from the lease by mistake of the parties, and that the testimony shows the lease should be .reformed so as to include such covenant and then specifically enforced.

Plaintiff recognizes that a covenant by a landlord that he will not lease space to one tenant in competition with another, does not of itself prevent the landlord from engaging in such competing business; that it has the burden of showing what the real agree-

ment was; that the written lease does not, by reason of mistake of the parties, express the true agreement made, and that the presumptions are against its contention; but it contends it has sustained the burden of proof in this case by showing the manner in which the business of leasing stores in the Recreation building has been carried on, by defendant's failure in the restaurant business and its desire to sell that business, its offer to plaintiff of a lease with exclusive privileges as an inducement to plaintiff to purchase its property and business; that plaintiff paid defendant a sum in excess of the value of the personal property acquired with the understanding it was paying for the business and the lease with exclusive privileges, in addition to such personal property; that the testimony of the parties who conducted the negotiations for each of the parties shows the agreement was as claimed by plaintiff, and that the specific covenant claimed was left out by mutual mistake of the parties when the written lease was prepared and signed.

The trial court found it was clearly understood that plaintiff was to have the exclusive right to operate the restaurant on the first floor and basement; that this was the inducement held out to plaintiff by defendant, and decree was entered in accordance with the prayer of plaintiff's bill of complaint.

The facts warrant the conclusion reached by the trial court and its decree is affirmed, with costs.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.